IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION (TOLEDO)

| | | |
|---|---|---|
| **PAMELA SUTTON** | : | |
| 6633 Stadler Road | : | |
| Lima, OH 45807 | : | |
| | : | |
| Plaintiff, | : | Case No. |
| | : | |
| v. | : | Judge |
| | : | |
| **OHIO DEPARTMENT OF** | : | |
| **REHABILITATION AND CORRECTIONS** | : | **JURY DEMAND** |
| 4545 Fisher Road, Suite D | : | **ENDORSED HEREON** |
| Columbus, OH 43228 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Now comes Plaintiff Pamela Sutton (hereafter "Plaintiff"), by and through undersigned counsel, and for her Complaint against Defendant Ohio Department of Rehabilitation and Corrections (hereafter "Defendant"), states and avers as follows:

## THE PARTIES

1.      Plaintiff is a resident of the State of Ohio, County of Allen.  At all times alleged herein, Plaintiff was an employee of Defendant as the same has been defined by Title VII of the 1964 Civil Rights Act as amended, 42 USCS § 2000e(f).

2.      Defendant is a department/agency of the State of Ohio and at all times herein was/is Plaintiff's employer.

## JURISDICTION AND VENUE

3.      Jurisdiction of this Court is invoked pursuant to 42 USCS § 2000e and 28 USC Section 1331.  Plaintiff has satisfied all pre-requisites for filing suit, including but not limited to

obtaining a Notice of Suit Right from the Equal Employment Opportunity Commission dated May 6, 2021.  A copy of the "Notice" is attached hereto as Exhibit "A".

3.    The unlawful discrimination and employment practices alleged below were committed within the State of Ohio, in the Northern District, Western Division of this Federal Court.

4.    At all relevant times hereto, Plaintiff worked for Defendant in Lucas County, Ohio, which is the county in which the Defendant conducted the activity that gave rise to Plaintiff's claim for relief, and the county in which all or part of Plaintiff's claim arose.

5.    At all times pertinent hereto, Defendant was an "Employer" within the meaning of Title VII of the Civil Rights Act of 1964 as amended, 42 USC Section 2000e(d).

## FACTUAL ALLEGATIONS

6.    Plaintiff incorporates her allegations set forth in paragraphs 1 through 6 above as if fully rewritten herein.

7.    Plaintiff has been employed by Defendant since 1996.

8.    In October 2014, Plaintiff took a position as an intervention specialist serving Allen Oakwood Correctional Institution and Toledo Correctional Institution with Defendant.

9.    Plaintiff is a Caucasian female.

10.    Angela Dartis (hereafter "Dartis") served as Plaintiff's supervisor beginning October 2014.

11.    Dartis is an African American female.

12.    Plaintiff travels between Allen Oakwood Correctional Institution and Toledo Correctional Institution to provide adults with special education services to pass their GED exams.

13.     Plaintiff's work schedule changes every two weeks depending on the need from the two facilities she services.

14.     Dartis must approve Plaintiff's travel requests, including vehicle authorizations, and schedule every two weeks.

15.     Dartis failed to approve Plaintiff's travel requests and schedule timely. Dartis put unnecessary restrictions on Plaintiff's work schedule and prohibited Plaintiff from conducting her job.

16.     Dartis subjected Plaintiff to unnecessary corrective counseling for Plaintiff's travel request and work schedule submission.

17.     Dartis also antagonized, demeaned, and intimidated Plaintiff for her work performance during corrective counseling and disciplinary sessions.

18.     Plaintiff filed an EEO complaint regarding Dartis on July 9, 2015.

19.     On August 13, 2015, Mediation was conducted. It was determined Dartis would approve Plaintiff's travel requests and work schedules timely and stop subjecting Plaintiff to any unnecessary scheduling restrictions and remove the corrective counseling from Plaintiff's file.

20.     Dartis did not comply with the mediation terms.

21.     On October 8, 2015, Plaintiff filed another EEO complaint regarding Dartis' continued behavior and workplace violence due to Dartis' harassing and intimidating tactics.

22.     On January 4, 2016, Dartis was removed as Plaintiff's supervisor. Plaintiff was now supervised by Michelle McCollister.

23.     During the time Plaintiff was supervised and evaluated by Michelle McCallister, Plaintiff performed her job satisfactorily and without issue. Plaintiff received positive performance evaluations during this time.

24.     On August 12, 2019, Dartis was reinstated as Plaintiff's supervisor and allowed to evaluate Plaintiff's performance when a new superintendent was hired.

25.     Dartis' antagonizing, demeaning, and intimidating behavior towards Plaintiff resumed.

26.     Dartis negatively evaluated Plaintiff's work performance during Plaintiff's annual review.

27.     Dartis failed to approve Plaintiff's travel requests and work schedule timely. Dartis also required Plaintiff to request permission directly from her for vehicle requests. Other employees were not subjected to this restriction.

28.     Dartis submitted multiple incident reports against Plaintiff for not following workplace policies.

29.     Further, Dartis conducted multiple investigatory interviews regarding Plaintiff's job performance and failed to submit the reports.

30.     Dartis placed Plaintiff on a Performance Improvement Plan.

31.     On July 2, 2020, Plaintiff submitted an employment charge of discrimination with the Ohio Civil Rights Commission.

32.     Dartis has failed to provide sufficient evidence for her multiple incident reports, investigations, and poor performance reviews regarding Plaintiff.

33.     Dartis lacked any legitimate basis for Plaintiff's adverse employment actions.

34.     The reasons for Plaintiff's adverse employment actions were Plaintiff's status as a Caucasian female and Plaintiff's prior EEO complaints about Dartis.

**FIRST CAUSE OF ACTION – REVERSE DISCRIMINATION (RACE)**

35.    Plaintiff hereby incorporates paragraphs 1 through 35 set forth above as if fully rewritten herein.

36.    Plaintiff is a Caucasian female and is qualified for the position of employment with Defendant for which she suffered adverse employment actions.

37.    The individual who conducted the adverse employment actions against Plaintiff was Dartis, a minority.  Dartis has a history of treating Caucasian employees differently than minority employees.

38.    Plaintiff indeed did suffer an adverse employment action, she was subjected to multiple incident reports, investigations, and a poor performance evaluation.

39.    Plaintiff was treated differently than other similarly situated employees.

40.    Dartis' status as a minority and Plaintiff's direct supervisor, is evidence that Defendant is the unusual type of employer who discriminates against the majority.

41.    Plaintiff was treated differently than employees who performed at the skill level at which she performed because of her status as a member of the majority.

42.    Defendant acted with malice and/or reckless malfeasance toward Plaintiff's protected rights and for such willful conduct, Defendant is liable for punitive damages.

43.    As a direct and proximate result of Defendant's conduct in contravention of Title VII of the Civil Rights Act of 1964 as set forth above, Plaintiff has suffered damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income and other benefits to which Plaintiff was entitled in an amount to be determined at trial.

**SECOND CAUSE OF ACTION – RETALIATION**

44.    Plaintiff hereby incorporates paragraphs 1 through 44 set forth above as if fully rewritten herein.

45.    Plaintiff submitted multiple EEO complaints against Dartis prior to Dartis's removal as Plaintiff's supervisor.

46.    Once Dartis was reinstated as Plaintiff's supervisor, Dartis began her demeaning, intimidating, and antagonizing treatment of Plaintiff.

47.    Plaintiff received a poor performance evaluation from Dartis.

48.    Plaintiff is subjected to additional unnecessary restrictions to perform her job.

49.    The only reason Defendant poorly evaluated Plaintiff and subjects Plaintiff to additional unnecessary restrictions is because Plaintiff participated in protected activity by previously submitting EEO discrimination and workplace violence claims against Dartis.

50.    Dartis treated Plaintiff differently with respects to her evaluation and workplace requirements.

51.    Dartis' actions constitute retaliation as prohibited by Title VII.

52.    Because of Dartis' retaliation, Plaintiff has suffered compensatory damages including, but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which she is entitled, an amount to be determined at trial.

**THIRD CAUSE OF ACTION – HOSTILE WORK ENVIRONMENT**

53.    Plaintiff hereby incorporates paragraphs 1 through 53 set forth above as if fully rewritten herein.

54.     During Plaintiff's employment with Defendant, Dartis routinely subjects Plaintiff to unwelcome conducting including, but not limited to intimidating, antagonizing, and demeaning behavior, unnecessary job restrictions, and unnecessary incident reports and investigations.

55.     Dartis' conduct toward Plaintiff was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find her work environment to be hostile or abusive.

56.     Dartis' conduct toward Plaintiff is based on because of Plaintiff's status as a member of the majority.

57.     Dartis was Plaintiff's supervisor and as part of the ongoing harassment, caused a tangible employment action to occur. Specifically, Plaintiff was subjected to unnecessary job restrictions, incident reports, investigations, and poor performance evaluations.

58.     Prior to filing this action, Plaintiff provided Defendant with Notice of the ongoing harassment. Defendant removed Dartis as Plaintiff's supervisor for a period of time.

59.     Defendant facilitated ongoing harassment and retaliation in violation of Title VII.

60.     As a direct and proximate result of conduct set forth above, Plaintiff has suffered compensatory and punitive damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and other benefits to which he was entitled, in an amount to be determined at trial.

**WHEREFORE,** Plaintiff Pamela Sutton prays that this Court award a judgment against Defendant Ohio Department of Rehabilitation and Corrections on all counts, for damages including, but not limited to, compensatory and punitive damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income and other benefits to which Plaintiff was entitled in an amount to be

determined at trial and an award of Plaintiff's costs and reasonable attorney fees incurred relating to this action, ALL TOGETHER WITH such other relief as may be just, necessary and proper.

Respectfully submitted,

**KEMP, SCHAEFFER, & ROWE CO., L.P.A.**

By: __/s/ Erica Ann Probst_____
        Erica Ann Probst  #0073486
        Attorneys for Plaintiff
        88 West Mound Street
        Columbus, Ohio  43215
        (614) 224-2678; (614) 469-7170 (fax)
        Email: Erica@ksrlegal.com

### JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby demands that a jury hear the above case.

Respectfully submitted,

**KEMP, SCHAEFFER, & ROWE CO., L.P.A.**

By: __/s/ Erica Ann Probst_____
        Erica Ann Probst  #0073486
        Attorneys for Plaintiff
        88 West Mound Street
        Columbus, Ohio  43215
        (614) 224-2678
        (614) 469-7170 (fax)
        Email: Erica@ksrlegal.com

EEOC Form 161 (11/2020)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Pam Sutton**
**6633 Stadler Road**
**Elida, OH 45807**

From: **Indianapolis District Office**
**101 West Ohio Street**
**Suite 1900**
**Indianapolis, IN 46204**

| | |
|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **22A-2020-02242** | **Jeremy A. Sells,**<br>**State & Local Coordinator** | **(463) 999-1161** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Michelle Eisele*

_____
**Michelle Eisele,**
**District Director**

May 6, 2021

*(Date Issued)*

Enclosures(s)

cc: **HR Director**
**STATE OF OHIO, DRC**
**2338 N. West St.**
**Allen Oakwood Correctional Institution**
**Lima, OH 45801**

EXHIBIT "A"

Enclosure with EEOC
Form 161 (11/2020)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* **to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*